**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| In re:<br><br>F.I.G. Daufuskie 1, LLC,<br><br>　　　　Debtor. | Case No. 17-01143<br><br>Chapter 11 |
| In re:<br><br>F.I.G. Beach Cottages, LLC,<br><br>　　　　Debtor. | Case No. 17-01144<br><br>Chapter 11 |
| In re:<br><br>F.I.G. Beach Club, LLC,<br><br>　　　　Debtor. | Case No. 17-01145<br><br>Chapter 11 |
| In re:<br><br>Daufuskie Embarkment, LLC,<br><br>　　　　Debtor. | Case No. 17-01146<br><br>Chapter 11<br><br>Joint Administration Requested |

**MOTION AND MEMORANDUM OF THE DEBTORS FOR ENTRY OF AN ORDER PURSUANT TO BANKRUPTCY RULE 1015(b) DIRECTING THE JOINT ADMINISTRATION OF THEIR CHAPTER 11 CASES**

F.I.G. Daufuskie 1, LLC and its affiliated debtors in the above-captioned Chapter 11 cases, as debtors and debtors-in-possession (collectively, the "<u>Debtors</u>"),[1] hereby move for the entry of an order directing the joint administration of the Debtors' cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.[2] In support of this Motion, the Debtors respectfully would show to the Court that:

**BACKGROUND**

1. On March 7, 2017, the Debtors each filed a petition (the "<u>Petition</u>") for relief under Chapter 11 of the United States Bankruptcy Code (11 U.S.C. §§ 101 *et seq.*), commencing these cases. The Debtors are in possession and control of their property as Chapter 11 debtors-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

2. The Debtors are affiliates, under common ownership and management.

3. The Debtors own real property with improvements and personal property on Daufuskie Island, in Beaufort County, South Carolina. The property owned by F.I.G. Daufuskie 1, LLC ("<u>FIG Daufuskie</u>"), F.I.G. Beach Cottages, LLC ("<u>FIG Beach Cottages</u>") and F.I.G. Beach Club, LLC ("<u>FIG Beach Club</u>") is located in the Melrose Planned Unit Development, also known as Melrose Plantation, on Daufuskie Island, and the property owned by Daufuskie Embarkment, LLC ("<u>Daufuskie Embarkment</u>") includes both parcels in Melrose Plantation and the dock and landing property on the island commonly known as Melrose Landing, which is located on the Intracoastal Waterway (the Cooper River). These properties were previously

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's tax identification number, are F.I.G. Daufuskie 1, LLC (8232), F.I.G. Beach Cottages, LLC (4208), F.I.G. Beach Club, LLC (4364) and Daufuskie Embarkment, LLC (7449).

[2] Hereinafter, references to the Federal Rules of Bankruptcy Procedure shall be made as "Bankruptcy Rule" and the cited rule number.

owned by Daufuskie Island Properties, LLC ("DIP"), and the Debtors acquired the properties in 2011 and 2012 in the aftermath of a bankruptcy liquidation of DIP's assets.[3]

4. The Debtors' properties were not operating when they acquired them, the properties were in poor condition, and the Debtors and their affiliates set about the task of repairing, renovating and improving the properties. Although substantial progress was made in restoring and improving the properties, since the Debtors' acquisition the properties have generated only limited income and significant work remains to be done on them.

5. As of the time of the filing of these cases, there is no business activity on the Debtors' property. Hurricane Matthew caused much damage along the South Carolina coast in October 2017, including to Daufuskie Island. In addition, the late Fall and Winter months historically have been periods of light activity and little revenue from the property, resulting in operating losses. Accordingly, the Debtors deemed it best not to reopen the property for business soon after the hurricane, and instead deemed it better to wait until the Spring of 2017 to restart business activity on the property, and then initially on a limited basis.

6. As stated above, the Debtors' properties were previously under common ownership, by DIP and its predecessors in ownership, and the operations on the Debtors' properties are closely related. It is contemplated, for example, that most of the persons using the golf course, the pool at the beach club, the restaurant and other amenities will be guests who stay in lodging and guest accommodations on the Debtors' properties, or residents who reside close-by, and that most persons will arrive and depart by way of Melrose Landing. Although the Debtors are separate legal entities, there is a natural, and historical, interdependence among their properties.

---

[3] The bankruptcy case was In re Daufuskie Island Properties, LLC, Case No. 09-00389-jw in the United States Bankruptcy Court for the District of South Carolina.

7. The Debtors are also jointly liable for the senior mortgage indebtedness on the properties.

8. Lex Van Hessen Holding, BV ("LVHH") holds first priority mortgages and liens on the Debtors' properties securing loans it made to each of the Debtors. Specifically, FIG Daufuskie obtained a loan from LVHH in the principal amount of $11 million on or about May 6, 2011; FIG Beach Cottages obtained a loan from LVHH in the principal amount of $2,250,000.00 on or about December 8, 2011; FIG Beach Club obtained a loan from LVHH in the principal amount of $3.2 million on or about December 8, 2011; and Daufuskie Embarkment obtained a loan from LVHH in the principal amount of $1.2 million on or about June 21, 2013. These loans are cross-collateralized such that each of the Debtors' properties secures all of the loans, and the loan documents include cross-default provisions. The Debtors defaulted under the terms of the loans, LVHH filed a foreclosure action and on April 9, 2014, the Master-in-Equity for Beaufort County filed his Master's Decree and Judgment of Foreclosure and Sale (Deficiency Demanded) granting judgment to LVHH in the total amount of $27,540,856.51 and ordering the sale of the Debtors' property. The properties were sold at an initial foreclosure sale on February 6, 2017, subject to the 30 day period for upset bids and a final sale on March 8, 2017 (as required under South Carolina law where the plaintiff seeks a deficiency judgment). The filing of the Petition stayed the final sale of the property.

9. The Debtors' principals have been working to obtain new funding and they contemplate reorganization under Chapter 11.

## JURISDICTION

10. The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334 and Local Civil Rule 83.IX.01, DSC. This matter is a core proceeding within the meaning

of 28 U.S.C. § 157(b)(2)(A).  Venue of these proceedings is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

11.     The Debtors seek relief herein under 11 U.S.C. § 105(a) and Bankruptcy Rule 1015(b).

## RELIEF REQUESTED

12.     By this Motion, the Debtors request entry of an order directing the joint administration of their Chapter 11 cases.  The Debtors further request that the FIG Daufuskie case (17-01143) be designated the lead case in these matters.

13.     Bankruptcy Rule 1015(b) provides in relevant part as follows:

> If a joint petition or two or more petitions are pending in the same Court by or against . . . (4) a debtor and an affiliate, the court may order a joint administration of the estates.

14.     The Debtors are affiliates as defined in 11 U.S.C. § 101(2), as they are under common ownership and management.

15.     Given the interrelationship of their properties and the joint and several liability they share for the senior secured debt to LVHH, it will be beneficial to the Debtors, their estates and their creditors.  The rights of the creditors of each of the Debtors will not be adversely affected by the joint administration, and each creditor shall be entitled to file a claim against the particular estate(s) that is indebted to such creditor.  The interests of all parties will be enhanced by the reduction in costs resulting from joint administration.  Supervision of the administrative aspects of the cases by the United States Trustee will be simplified.

16.     As part of the joint administration sought in these cases, the Debtors request that the professionals employed by the Debtors be allowed to file fee applications and to charge fees and expenses as though the Debtors are a single entity.  This request is made based on the

interrelationship of the Debtors' properties and business affairs, which make it difficult to separate time entries among the four entities. For example, if counsel had a ten minute telephone conversation with LVHH's attorney regarding the LVHH secured claim, which is secured by each of the Debtors' properties and for which each of the Debtors is jointly and severally liable, the charge necessarily could be allocated among two but not all of the Debtors. An exception to this single billing would be made in the event of a transaction which is unique to one or two of the Debtors, such that the costs incurred are reasonably determinable for the Debtor(s) involved, *e.g.*, a sale of real property of one of the Debtors.

17. The Debtors do not seek substantive consolidation of their estates in this Motion.

18. By reason of the foregoing, the Debtors submit that the interests of the Debtors and their creditors would be best served by joint administration of the four cases of these Debtors.

WHEREFORE, the Debtors pray that (a) the Court enter an order directing the joint administration of the Debtors' cases, (b) the professionals employed by the Debtors be allowed to submit fee applications and bill charges during the joint administration as if the Debtors were one entity and (c) the Court grant such other and further relief as is just and proper in this matter.

/s/ Julio E. Mendoza, Jr.
Julio E. Mendoza, Jr. (I.D. No. 3365)
J. Ronald Jones, Jr. (I.D. No. 5874)
Kyle A. Brannon (I.D. No. 11509)
Nexsen Pruet, LLC
1230 Main Street, Suite 700 (29201)
Post Office Box 2426
Columbia, SC 29202
Telephone: (803) 540-2026
Facsimile (803) 727-1478
rmendoza@nexsenpruet.com
rjones@nexsenpruet.com
kbrannon@nexsenpruet.com

March 7, 2017
Columbia, South Carolina

Attorneys for F.I.G. Daufuskie 1, LLC, F.I.G. Beach Cottages, LLC, F.I.G. Beach Club, LLC and Daufuskie Embarkment, LLC, Debtors-in-Possession